IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:25-CV-00034

| | | |
|---|---|---|
| TOMMY DALE KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| v. | ) | Formerly 24CV003040-440 |
| | ) | Henderson County |
| | ) | Small Claims Court Division |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, on behalf of the Defendant, United States Postal Service, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and pursuant to 28 U.S.C. §§ 1441(a), 1441(c), 1442(a)(1) and 1446, removes to the United States District Court for the Western District of North Carolina, Asheville Division, the action styled *Tommy Dale Kelley v. United States Postal Service*, 24CV003040-440, which was filed in the Small Claims Court for Henderson County, North Carolina. In accordance with 28 U.S.C. § 1446(a), the United States provides the following statement of the grounds for removal:

1. On December 4, 2024, Tommy Dale Kelley, (hereinafter "Plaintiff") commenced this civil action by filing a Complaint for Money Owed in the Smalls

Claims Court Division of Henderson County, North Carolina (hereinafter "Complaint"), attached hereto as Government Exhibit (GE) A-1. The United States Postal Service ("USPS") was named as the Defendant. A summons was issued. GE A-2. On December 10, 2024, a person identified as "Crystal"[1] was served. GE A-3. On December 19, 2024, the Small Claims Court entered judgment for $1,000.00 against the USPS. GE A-4.

2. In the Complaint, Plaintiff alleges that the USPS owes the Plaintiff $1,000.00 for insurance for "lost or stolen gold & diamond pendant & necklace."

3. The USPS has not been properly served as required by Fed. R. Civ. P. 4(i). Rule 4(i)(1) of the Federal Rules of Civil Procedure sets forth the procedure for effecting service of process on the United States, and provides that service of process upon the United States is made by taking the following steps:

> . . . deliver[ing] a copy of the summons and complaint to the United States attorney for the district where the action is brought . . . or [by] send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] . . .
>
> Send[ing] a copy of each [summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C.

---

[1] USPS Counsel has stated that "Crystal" is not a person authorized to accept service of civil complaints on behalf of the USPS. Following removal of the case, the USPS intends to move to set aside the Judgment and then move to dismiss the lawsuit.

Fed. R. Civ. P. 4(i)(1)(A)-(B). To serve a United States agency or corporation, "a party must serve the United States and also send a copy of the Summons and of the Complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

4. The undersigned learned of this case for the first time during the afternoon of February 3, 2025.

5. Federal Court jurisdiction for the removal of this action is based upon multiple independent grounds. These grounds for removal while independent bases for removal, also mutually reinforce each ground for removal. Accordingly, removal is proper under 28 U.S.C. §§ 1441 and 1442(a)(1).

6. The USPS is an "agency" of the United States and removal is proper under 28 U.S.C. § 1442(a)(1), which provides:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

7. To the extent that Plaintiff is alleging a claim for "lost or stolen gold & diamond pendant & necklace" due to the negligence of the USPS in the transmission of mail, the Federal Tort Claims Act provides that the United States District Courts have exclusive jurisdiction, 28 U.S.C. § 1346(b)(1),[2] and the FTCA expressly and specifically bars "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Dolan v. U.S. Postal Serv.,* 546 U.S. 481, 485 (2006).

8. Plaintiff's claim for "lost or stolen gold & diamond pendant & necklace" is a claim "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" 28 U.S.C. § 2680(b), and is barred. Because the United

---

[2] Under 28 U.S.C. § 1441(a), the United States District Courts have subject matter jurisdiction of FTCA claims as set forth in 28 U.S.C. § 1346 (b)(1):

> (b)(1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, **shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages**, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (underlining and emphasis added).

States District Courts have "exclusive jurisdiction," the Small Claims Court for Henderson County, lacked jurisdiction over the USPS in this matter.

9. To the extent Plaintiff is alleging a contract or implied contract claim pursuant to an insurance claim with the USPS, 28 U.S.C. § 1346(a)(2), the waiver of sovereign immunity for contract or implied contract claims, provides that:

> **(a)** The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> . . .
>
> **(2)** Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States . . . .

28 U.S.C. § 1346(a)(2).

10. This is a "civil action" "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(c).

11. Accordingly, removal is proper under 28 U.S.C. §§ 1441(a), 1441(c), and 1442(a)(1).

12. By filing this Notice of Removal, the United States preserves all defenses, including all defenses set forth in Rule 12(b)(2)-(5), including lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. *See* Fed. R. Civ. P. 12(h); *see also AMA Sys., LLC v. Vonnic, Inc.*, No. 1:22-CV-00652-JRR, 2022 WL 2161715, at *5 (D. Md. June 15, 2022) (finding no waiver of Rule 12(b)(2) & (b)(3) defenses where defendants initially filed notices of appearance and a motion to extend time to respond prior to seeking dismissal, in part because the initial filings did not ask the Court to analyze the case's merits); *Glynn v. EDO Corp.*, 641 F. Supp. 2d 476, 487 (D. Md. 2009) (filing initial appearance does not waive Rule 12 jurisdictional defenses); *cf. Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 204 (4th Cir. 1967) ("[S]ince the advent of Rule 12(b), Fed. R. Civ. P., the distinction between general and special appearances in federal practice has been abolished. There is no longer any necessity for appearing specially, as subdivision (b) provides that every defense may be made either in the responsive pleading or by motion.") (citation and internal marks omitted).[3]

---

[3] This Notice of Removal is also being filed in state court, where "special appearance," as distinguished from general appearance, is still used. *See Slattery v. Appy City, LLC*, 385 N.C. 726, 731, 898 S.E.2d 700, 705 (2024) ("Thus, if a defendant makes a general appearance without objecting to personal jurisdiction or the sufficiency of service of process, those defenses are waived, and the court may properly exercise personal jurisdiction."); *In re Blalock*, 233 N.C. 493, 503, 64 S.E.2d 848, 855 (1951) ("An appearance merely for the purpose of objecting to the lack of any service of process or to a defect in the process or in the service of it, is a

13. A copy of the Notice of Removal will be promptly filed in case file number 24CV003040-440 in the Small Claims Court Division, Henderson County, North Carolina, and notice will be provided to Plaintiff.

WHEREFORE, this action previously pending/subsequently closed in the Small Claims Court for Henderson County, North Carolina, and identified as *Tommy Dale Kelley v. United States Postal Service*, 24CV003040-440 is hereby removed to the United States Court for the Western District of North Carolina.

Respectfully submitted, this the 4th day of February, 2025.

DENA J. KING
UNITED STATES ATTORNEY

**s/GILL P. BECK**
Assistant United States Attorney
Chief, Civil Division
N.C. Bar No. 13175
Room 233, U. S. Courthouse
100 Otis Street
Asheville, North Carolina 28801-2611
Phone: 828-259-0645
Fax: 828-271-4327
Email: gill.beck@usdoj.gov

---

special appearance. In such case the defendant does not submit his person to the jurisdiction of the court.").

## CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 4th day of February, 2025.

                                                **s/GILL P. BECK**
                                                Assistant United States Attorney
                                                Chief, Civil Division

## CERTIFICATE OF SERVICE

I certify that on February 4, 2025, the foregoing Notice of Removal was duly served upon the party herein by mailing a copy thereof, postage prepaid and properly addressed at the last known address as follows:

Tommy Dale Kelley
27 Auburndale Drive
Asheville, NC  28806

                                       **s/GILL P. BECK**
                                       Assistant United States Attorney
                                       Chief, Civil Division